**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

—————————————

**No. 98-10882**

—————————————

**MOHAMET SHERIFF NJIE,**

**Plaintiff-Appellant,**

**v.**

**LUBBOCK COUNTY, TEXAS, ET AL.,**

**Defendants,**

**LUBBOCK COUNTY, TEXAS; CINDY STINSON, Sergeant,**
**Employee of Lubbock County Sheriff's Department,**
**also known as John Doe #1; GAYLAN MARTIN, Deputy,**
**Employee of Lubbock County Sheriff's Department,**
**also known as John Doe #2; DEPUTY CUEVAS,**
**Employee of Lubbock County Sheriff's Department,**
**also known as John Doe #4; ANTHONY MCADOO,**
**Employee of Lubbock County Sheriff's Department,**
**also known as John Doe #5,**

**Defendants-Appellees.**

—————————————————————————————————————

**Appeal from the United States District Court**
**for the Northern District of Texas**
(5:97-CV-74)

—————————————————————————————————————

November 4, 1999

Before JONES and DENNIS, Circuit Judges, and PRADO[*], District Judge.

PER CURIAM:[*]

The court has carefully considered this appeal in light of the briefs, oral arguments of counsel, and pertinent portions of

---

[*]    District Judge for the Western District of Texas, sitting by designation.

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the record. We find no abuse of discretion in any of the trial court rulings appealed by Njie.

To begin with, the court did not abuse its discretion in denying the motion to change venue, particularly in light of the fact that several seated jurors were not Lubbock County residents, and Njie's fear of juror bias among the Lubbock County resident jurors is speculative on the record before us. Additionally, the district court carefully reviewed the allegations of jury misconduct and could easily have concluded that the jurors were not unduly influenced, if at all, by extrinsic information while reaching their verdict.

The court did not abuse its discretion in evidentiary rulings concerning exclusion of additional video tape evidence, video tapes offered to impeach particular jail administrators, evidence regarding Njie's mental health history before his arrest, expert witness testimony, and admission of a training video of an attack on a jailor. These decisions were reached after the proper evidentiary considerations had been weighed, and we are not in a position to disturb the trial court's choices.

As for the admission of polygraph results, we carefully considered the arguments pertaining to admissibility and reliability of the particular polygraph examinations in this case, and being mindful of the specific procedural circumstances pertinent to their admission here, we find that the trial court did not abuse its discretion, but our ruling is limited to the precise facts and circumstances before the district court in this case.

2

For these reasons, the judgment of the district court is **AFFIRMED.**